IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:23CR3083** |
| vs. | |
| JOHN E. KOHLER, | **MEMORANDUM AND ORDER** |
| Defendant. | |

After continuing the deadline twice, the court set a pretrial motion deadline of November 8, 2023. (Filing No. 23). No pretrial motions were filed by that date. On December 20, 2023, defense counsel advised the government and the court that he wished to file pretrial motions. As stated during that call and in his now-pending motion, defense counsel did not file pretrial motions because he believed the case would be resolved through plea negotiations. Defendant was granted until December 29, 2023 to file a motion for leave to file motions out of time. (Filing No. 36).

Defendant timely moved to file pretrial motions out of time. (Filing No. 38). His proposed motion to suppress states Defendant's vehicle was stopped without probable cause; he was unreasonably detained following the stop; he did not consent to a vehicle search, and even if he did, the search exceeded the scope of his consent; the search was not lawful as incident to arrest; and his statements were involuntary. (Filing No. 38-1). Of this plethora of allegations, Defendant's proposed supporting brief discusses only the officer's alleged lack of probable cause to initiate a traffic stop. Defendant argues all evidence obtained as a result of that stop must be suppressed as fruit of the poisonous tree. (Filing No. 38-2).

Defendant claims that before initiating a traffic stop, the officer who stopped his vehicle (Wilkie) did not personally see and was not told that Defendant failed to stop at a stop sign. Defendant claims he stopped.

The government opposes the motion to file pretrial motions out of time, explaining that the "factual sequence of events was disclosed in the initial discovery provided to the defendant," (Filing No. 39, at CM/ECF p. 2), and Defendant has failed to adequately explain why he did not timely file his motion to suppress.

If a party does not meet the deadline for filing a motion to suppress, the motion is untimely. But even if untimely filed, "a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Where the deadline for filing the pretrial motion has already passed, the court may nonetheless consider the motion if Defendant shows both "good cause" and "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Good cause refers to a party's diligence in trying to comply with a deadline. Excusable neglect focuses on the equities underlying whether to excuse a party's noncompliance. United States v. Bloom, 2023 WL 2617349 (D. NE. March 23, 2023) (Buescher, J.) (citing Spirit Lake Tribe v. Jaeger, 5 F.4th 849, 854 (8th Cir. 2021); Albright as Next Friend of Doe v. Mountain Home Sch. Dist., 926 F.3d 942, 951 (8th Cir. 2019). As to excusable neglect, the court considers the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Bloom, 2023 WL 2617349 (citing United States v. Boesen, 599 F.3d 874, 879 (8th Cir. 2010), as corrected (Apr. 1, 2010) (cleaned up)).

Upon review of the record before me, Defendant has failed to explain why the motion to suppress was not and could not reasonably have been filed by November 8, 2023. Even without the government's discovery, assuming Defendant did stop for the stop sign, he knew that before he was indicted. And since he was present during the traffic stop, he also knew the traffic stop was initiated for failure to stop at a stop sign. The government's initial discovery further corroborated its version of the facts leading to the traffic stop and search of the vehicle. So, at the outset of this case, Defendant and his counsel possessed sufficient facts to file a motion to suppress based on an alleged unlawful traffic stop. While the parties may have been engaged in plea discussions following the indictment, those discussions did not hinder Defendant from timely filing pretrial motions, and they certainly do not explain why he failed to mention any need to file a pretrial motion until six weeks after the deadline passed.

The late filing is not due to a change in representation; Defendant has been represented by the same attorney for over five months, and that attorney filed the two prior motions to continue the pretrial motion deadline. The case has been pending for over five months, and but for an untimely proposed motion to suppress, would now be set for trial.

For all the foregoing reasons, the court finds Defendant has failed to show he was diligent in attempting to meet the pretrial motion deadline, or that his untimely filing of the proposed pretrial motion was due to excusable neglect.

Accordingly,

IT IS ORDERED:

1) Defendant's motion to file a motion to suppress out of time, (Filing No. 38), is denied.

2) A telephonic conference with counsel will be held before the assigned magistrate judge at 9:00 a.m. on January 25, 2024 to discuss setting any change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

3) The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and January 25, 2024 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 10th day of January, 2024.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge